UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOSEPH GREEN, JR.,

       Petitioner,

vs.                             Case No. 3:10-cv-529-J-34JRK

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.
_____

## **ORDER OF DISMISSAL WITH PREJUDICE**

### **A. Status**

Petitioner Joseph Green, Jr., an inmate of the Florida penal system who is proceeding in forma pauperis, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on June 18, 2010, pursuant to the mailbox rule.[1]  He challenges a 1990 state court (Nassau County, Florida) judgment of conviction for sale or delivery of cocaine.

---

[1] The Petition (Doc. #1) was filed in this Court on June 21, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court (June 18, 2010).  See Houston v. Lack, 487 U.S. 266, 275-76 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d).  <u>See</u> Respondents' Motion to Dismiss (Doc. #14) (Response) with exhibits (Resp. Ex.), filed May 27, 2011.  On July 7, 2010, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #7), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply.  After over six (6) months, Petitioner has not filed a memorandum opposition to the motion.  This case is now ripe for review.

### B. One-Year Limitations Period

The following procedural history is relevant to the one-year limitations issue.  On May 21, 1990, the trial court sentenced Petitioner.  Resp. Ex. D at 57-60, Judgment.  The appellate court affirmed Petitioner's conviction and sentence per curiam on May 10, 1991, <u>see</u> <u>Green v. State</u>, 581 So.2d 169 (Fla. 1st DCA 1991); Resp. Ex. G, and the mandate issued on May 29, 1991, <u>see</u> Resp. Ex. H. Petitioner did not seek review in the United States Supreme Court.

The one-year limitations period in Petitioner's case began to run on April 24, 1996, the effective date of the AEDPA.  <u>Wilcox v. Fla. Dep't of Corr.</u>, 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam)(one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA); <u>see</u> <u>Guenther v. Holt</u>, 173 F.3d 1328, 1331 (11th Cir. 1999), <u>cert</u>.

denied, 528 U.S. 1085 (2000). Accordingly, the limitations period expired on April 24, 1997, utilizing the anniversary method. See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008). The Petition, filed on June 18, 2010, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period.

The one-year period of limitations started running on April 24, 1996,[2] and ran for three hundred and six (306) days, until February 24, 1997, when Petitioner filed a pro se petition for writ of habeas corpus. Resp. Ex. Y. The appellate court denied the petition on April 18, 1997. Resp. Ex. Z. Thus, the one-year limitations period started running again the next day, on April 19, 1997, and expired fifty-nine (59) days later on Tuesday, June 17, 1997. After June 17, 1997, Petitioner filed several post-convictions motions, beginning on August 27, 1997 (see Response at 3-5; Resp. Exs. BB-YY); however, those post-conviction motions filed after the expiration of the one-year limitations period did not toll the limitations period. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition

---

[2] Respondents incorrectly calculate the running of the one-year period of limitations using April 26th as the effective date of the AEDPA. See Response at 3, 6. However, the effective date of the AEDPA is April 24, 1996.

or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

Based on the foregoing, the Petition, filed June 18, 2010, is untimely filed and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.  Petitioner has failed to set forth any facts supporting a conclusion that he is entitled to equitable tolling.  See Petition at 14.  The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."  Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs, 520 F.3d at 1318 (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary

circumstances and due diligence") (citation omitted).  The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.  Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).  Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.  For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### C. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S.

322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   Respondents' request to dismiss this case with prejudice (Doc. #14) is **GRANTED**.

2.   This case is **DISMISSED** with prejudice.

3.   The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of December, 2011.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 12/7
c:
Joseph Green, Jr.
Ass't Attorney General (Heller)